Rodriguez-Reyes v. Rosen

BIA
Nelson, IJ
A208 756 446

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

ELIAS RODRIGUEZ-REYES,
> *Petitioner,*

    v.                             18-2763
                                             NAC

JEFFREY A. ROSEN, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.\**

_____

**FOR PETITIONER:**        Robert F. Graziano, Buffalo, NY.

**FOR RESPONDENT:**       Ethan P. Davis, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation

\* Pursuant to Fed R. App. R. 43(c)(2), Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr.

Counsel, Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Elias Rodriguez-Reyes, a native and citizen of El Salvador, seeks review of an August 15, 2018 decision of the BIA affirming a September 6, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elias Rodriguez-Reyes,* No. A208 756 446 (B.I.A. Aug. 15, 2018), *aff'g* No. A208 756 446 (Immig. Ct. N.Y.C. Sept. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). Under that

standard, we uphold the agency's factual findings so long as "they are supported by reasonable, substantial[,] and probative evidence in the record." *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir. 2009) internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) (stating that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

First, Rodriguez-Reyes asserts that the IJ failed to develop the record. This argument is unavailing. While "an IJ has an obligation to establish and develop the record," *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006), an IJ is not responsible for making a counseled applicant's claim, *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 n.18 (2d Cir. 2006) ("An IJ's responsibility to identify, in advance of judgment, perceived inconsistencies, is not tantamount to a duty to assist the counseled asylum applicant in putting forward an affirmative asylum claim in the first place."). Rodriguez-Reyes was represented by counsel who engaged in direct examination and both government counsel and the IJ asked additional questions. Rodriguez-Reyes does not identify any additional lines of inquiry that the IJ should have pursued

3

or what relevant facts would have been revealed upon further questioning.

Second, the agency did not err in rejecting Rodriguez-Reyes's argument that "business owners who refuse to pay extortion to gang members," Certified Admin. Record at 3, was a cognizable social group. In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 347-48 (B.I.A. 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). A proposed social group fails the social distinction test if the record evidence does not demonstrate that the group would be perceived as a group by society or subject to a greater threat from gang violence than the general

4

population. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 585–87 (B.I.A. 2008); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

The BIA reasonably concluded that Rodriguez-Reyes failed to establish how his proposed social group, "business owners who refuse to pay extortion to gang members," satisfied the particularity and social distinction requirements. This group constitutes a potentially large and diffuse segment of society. *Cf. Ucelo-Gomez*, 509 F.3d at 73–74 (deferring to BIA's conclusion that "affluent Guatemalans" are not sufficiently particular or socially distinct, in part because it is "impractical . . . to distinguish between petitioners who are targeted" because of their group membership from those who are targeted "merely because that's where the money is"). To the extent that Rodriguez-Reyes argues that business owners are a distinct group because the gangs thought he was a successful hard-working business man, his argument is misplaced because the distinction must be measured by society

5

at large.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 (explaining that "a group's recognition . . . is determined by the perception of the society in question, rather than by the perception of the persecutor"); *see also Paloka*, 762 F.3d at 196 (reasoning that "a persecutor's perception alone is not enough to establish a cognizable social group"). Additionally, the country conditions in the record reflect widespread extortion and do not reflect that business owners are perceived as a particularly vulnerable group.

Because Rodriguez-Reyes failed to establish that he faces harm on account of his membership in a cognizable social group, the agency did not err in denying asylum and withholding of removal.

Finally, we find no error in the agency's denial of CAT relief.  To receive protection under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official

6

capacity."  8 C.F.R. § 1208.18(a)(1); *see also Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007).  The agency must consider "all evidence relevant to the possibility of future torture," including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal."  8 C.F.R. § 1208.16(c)(3)(i)-(iv).

Contrary to Rodriguez-Reyes's assertion, the IJ acknowledged his testimony that a group of three people shot at him.  But he escaped that incident unharmed, he did not allege that anyone continued to seek him out, and his family remained unharmed in a nearby town.  *See* 8 C.F.R. § 1208.18(a)(2) (defining torture as "extreme form of cruel and inhuman treatment" that "does not include lesser forms of cruel, inhuman or degrading treatment"), (a)(4) (mental harm may constitute torture if it is "prolonged" and results from "severe physical pain and suffering" or "threat of imminent death").  And while the State Department Report noted widespread extortion and gang violence in El Salvador, and specifically mentions that bus drivers are subject to

7

extortion, that report is insufficient to show that someone in Rodriguez-Reyes's particular circumstances is more likely than not to be tortured. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (explaining that "in the absence of solid support in the record," an asylum applicant's fear is "speculative at best"); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court